IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, AS SUBROGEE OF CRH AMERICAS, INC. § § § § | |
| VS. § | CIV. ACT. NO. 4:21-cv-168 |
| § FORT WORTH & WESTERN RAILROAD § COMPANY AND RAILWORKS TRACK § SERVICES, INC. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE:

Plaintiff, AMERICAN HOME ASSURANCE COMPANY, AS SUBROGEE OF CRH AMERICAS, INC. ("Plaintiff" or "AHAC"), files its Original Complaint, complaining of Defendants FORT WORTH & WESTERN RAILROAD COMPANY and RAILWORKS TRACK SYSTEMS, INC. (collectively referred to as "Defendants").

### I. PARTIES

1.  Plaintiff, AMERICAN HOME ASSURANCE COMPANY, AS SUBROGEE OF CRH AMERICAS, INC. ("Plaintiff" or "AHAC"), is a foreign corporation incorporated in the state of New York, with its principal place of business in New York, and is therefore a citizen of New York. Plaintiff is an insurance company authorized to conduct business in the State of Texas. Plaintiff files this cause on its own behalf and as subrogee of CRH Americas, Inc.

2.  Defendant, FORT WORTH & WESTERN RAILROAD COMPANY ("FWWR") is a domestic corporation and citizen of Texas; this Defendant may be served with citation and process on its registered agent for service, Hervey A. Ely, 6300 Ridglea Place Suite 1200, Fort Worth, Texas 76116.

3.      Defendant, RAILWORKS TRACK SERVICES, INC. ("Railworks"), is foreign corporation incorporated in the state of Nevada, with its principal place of business in Nevada, and is therefore a citizen of Nevada.  This Defendant may be served with citation and process on its registered agent for service, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II. JURISDICTION

4.      Pursuant to 28 U.S.C. § 1332, this United States District Court has jurisdiction of this action, since it is between citizens and corporations of different States and the matter in controversy exceeds the sum or value of $75,000.  Specifically, Plaintiff is a citizen of New York; Defendant FWWR is a citizen of Texas; and Defendant Railworks is a citizen of Nevada.

## III. VENUE

5.      Venue is proper in this district and division pursuant to 28 U.S.C § 1391(a)(2) as the district and division in which a substantial part of the events or omissions occurred.  Specifically, the events occurred in Tarrant County, Texas.

## IV. FACTS

6.      CRH Americas, Inc. ("CRH") is an international corporation based in Ireland with operations in 32 countries, including the United States.  Its materials division is the leading supplier of asphalt, aggregates, cement, and paving and construction services in North America. Its products group is North America's leading manufacturer of concrete building and hardscape products. On or about August 22, 2019, at approximately 11:00 p.m., an inbound 55-car train being operated by FWWR entered a railway terminal located at 25th Street in Tarrant County, Texas.  The terminal was exclusively used for cement operations for a subsidiary of CRH. FWWR owned the railway and the terminal, but leased same to CRH.  Each rail car was fully

loaded with product. The speed rating for the railway at this location was 10 mph. Witnesses indicate that the train was travelling in excess of 10 mph, and gaining speed as it entered the terminal. The train derailed after entering the terminal, causing damage to the train cars and railway.

7.     The track lease required CRH to maintain the railway. At the time of the derailment, FWWR authorized only 2 vendors for service and maintenance of its rails; one of those was Railworks. Upon information and belief, FWWR was required to approve and authorize all work on the rail before it began. Railworks inspected the rails on February 25th, six months before the derailment, and recommended repairing a section of the track, replacing 20 ties, and replacing 320 feet of the rail track. Rather than making all of the repairs, Railworks made temporary repairs and certified or otherwise affirmatively represented that the track was suitable for operations. FWWR accepted this certification for the temporary repairs and authorized use of the track.

8.     At the time of the derailment, CRH was leasing the rail cars involved in the incident. Under the terms of that lease, CRH was liable for damages to the leased cars.

9.     Prior to the derailment, Plaintiff had issued a policy of insurance to CRH and its subsidiaries that provided coverage for damage to certain property, including the leased property damaged in the derailment. This policy was in full force and effect at the time of the derailment.

## V.  CAUSE OF ACTION - NEGLIGENCE

10.    Paragraphs 1 through 9 are hereby incorporated as if fully set forth herein.

11.    Defendant FWWR was responsible for the actions of its employees under respondeat superior. One or more employees of FWWR were negligent on the occasion in question by operating the train in excess of the speed limit, which proximately caused the train to derail when it

reached a curve in the terminal rail. FWWR was aware of the conditions of the rail at the location, and had been involved in at least 2 recent, prior incidents when the excessive speed of trains caused other damages, including damage to a 150-pound steel plate that was knocked completely off the rail.

12. Alternatively, FWWR was negligent in refusing to authorize the full repairs recommended by Railworks and/or in accepting the certification from Railworks that the rail was operable without the full repairs.

13. After being notified of the derailment, FWWR inspected the rail and claimed that the condition of the rail, not the actions of their employees, was the cause of the derailment. Upon information and belief, Defendant Railworks was negligent in the recommendations and repairs it made to the rail in February of 2019, and/or in its inspection and certification of the operability of the track.

14. Alternatively, the derailment was proximately caused by the combined negligence of FWWR and Railworks for the reasons stated in paragraphs 11 through 13, which are incorporated herein. Defendants are therefore jointly and severally liable for the damages proximately caused by their combined negligence.

## VI. DAMAGES

15. Paragraphs 1 through 14 are hereby incorporated as if fully set forth herein.

16. As a result of the derailment, CRH suffered actual damages of at least $542,127.45 for the costs to repair the damages railway and to repair/replace the damaged rail cars. Under the terms of the policy of insurance, after application of a deductible, Plaintiff AHAC reimbursed CRH for its property damage loss. Defendants are liable to CRH and/or AHAC for the full

amount of damages sustained by CRH from the derailment. AHAC is subrogated to the rights of CRH to enforce its claims for property damages against Defendants, including the deductible.

## VI. SERVICE ADDRESS

17. Lead counsel for Plaintiff maintains a physical address in Plano. However, all mail is processed and managed by the main address for KELLY, SMITH & SCHMIDT, P.C. in Houston, Texas. While e-mail service is preferred, any mailed service should be sent to the Houston address. Mailed service at any other address shall be considered invalid

WHEREFORE, AHAC prays that that on final trial or hearing, that it have judgment against Defendants for:

- actual damages as pleaded above;
- prejudgment and post-judgment interest at the applicable rate provided by law;
- costs of Court;
- and such other and further relief to which Plaintiff may prove to be justly entitled.

Respectfully submitted,

/s/ Laura D. Schmidt\_\_\_\_
Laura D. Schmidt
State Bar No. 22142300
**KELLY, SMITH & SCHMIDT, P.C.**
schmidt@kellysmithpc.com
5700 Tennyson Parkway, Ste. 300
Plano, TX 75024**
T: (972) 848-7300
F: (713) 861-7100
Attorney in Charge
**ATTORNEYS FOR PLAINTIFF**

/s/ Loren R. Smith
Loren R. Smith
State Bar No. 18643800
**KELLY, SMITH & SCHMIDT, P.C.**
smith@kellysmithpc.com
4305 Yoakum Blvd.
Houston, Texas 77006
T: (713) 861-9900
F: (713) 861-7100 Facsimile

**\*\*Please send all mailed correspondence to the Houston office.**